# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

RAYMUNDO CARBAJAL, JR.,    )
     Plaintiff,           )
                       )
v.                   )     CIVIL ACTION NO. 1:19-00287-N
                       )
THE RETREAT AT BON SECOUR   )
OWNERS ASSOCIATION, INC. and )
ANDY BAUER,             )
     Defendants.        )

## ORDER

This action is before the Court *sua sponte* on review of its subject matter jurisdiction.[1]   This case was removed to this Court by Defendant Andy Bauer under 28 U.S.C. § 1441(a), with the notice of removal alleging federal question jurisdiction under 28 U.S.C. § 1331 as the sole basis for the Court's original subject matter jurisdiction.   *See* 28 U.S.C. § 1446(a) ("A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal…containing a short and plain statement of the grounds for removal…").   Under § 1331, federal district courts have subject matter jurisdiction over "all civil

---

[1] "It is . . . axiomatic that the inferior federal courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress."   *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)).   Accordingly, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."   *Id.* at 410.   "[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings."   *Id.   See also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, (2006) ("[C]ourts, including this Court, have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.").

actions arising under the Constitution, laws, or treaties of the United States." Where, as here, a case is removed from state court, "[t]he burden of establishing subject matter jurisdiction falls on the party invoking removal." *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 411–12 (11th Cir. 1999). *Accord, e.g.*, *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012) ("The removing party bears the burden of proof regarding the existence of federal subject matter jurisdiction.").

A review of the state court filings submitted with Bauer's notice of removal (Doc. 2-1) indicate that this case has been pending since August 3, 2017, and that the initial complaint was amended three times prior to removal. Count 8 of the Third Amended Complaint seeks a declaratory judgment that a particular Gulf Shores zoning ordinance is invalid under the Equal Protection Clause of the 14th Amendment to the U.S. Constitution, as well as a permanent injunction enjoining enforcement of said ordinance. (*See id.* at 737). Bauer asserts that "[t]he allegation made in Plaintiff's Third Amended Complaint asserting a violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution confers original jurisdiction on the United States District Court pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1441(a)." (Doc. 1 at 2).

By prior order dated June 13, 2019 (Doc. 6), the undersigned questioned, *sua sponte*, the existence of subject matter jurisdiction and ordered briefing on the issue. In accordance with that order, Bauer timely filed a brief in opposition to remand (Doc. 7), and Plaintiff Raymundo Carbajal, Jr. timely filed a brief in support of remand (Doc. 8). The issue is now under submission. (*See* Doc. 6). Bauer's brief is largely unhelpful, and the undersigned remains convinced that the declaratory

judgment claim in Count 8 does not confer original federal question jurisdiction.

> In order to determine whether a claim arises under federal law within the meaning of Section 1331, a court must ascertain if a federal cause of action would appear on the face of a well-pleaded complaint. *See, e.g., Louisville and Nashville R.R. v. Mottley,* 211 U.S. 149, 152, 29 S.Ct. 42, 43, 53 L. Ed. 126 (1908). [For declaratory judgment actions], the normal position of the parties is reversed; therefore, we do not look to the face of the declaratory judgment complaint in order to determine the presence of a federal question. Instead, this court must determine whether or not the cause of action anticipated by the declaratory judgment plaintiff arises under federal law. *See, e.g., Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 671–72, 70 S. Ct. 876, 879, 94 L. Ed. 1194 (1950). "Where the complaint in an action for declaratory judgment seeks in essence to assert a defense to an impending or threatened state court action, it is the character of the threatened action, and not of the defense, which will determine whether there is federal-question jurisdiction in the District Court. If the cause of action, which the declaratory defendant threatens to assert, does not itself involve a claim under federal law, it is doubtful if a federal court may entertain an action for a declaratory judgment establishing a defense to that claim." *Public Serv. Comm'n v. Wycoff Co.,* 344 U.S. 237, 248, 73 S. Ct. 236, 242, 97 L.Ed. 291 (1952).

*Hudson Ins. Co. v. Am. Elec. Corp.,* 957 F.2d 826, 828 (11th Cir. 1992). Here, the cause of action anticipated by Carbajal, Jr. is a zoning enforcement action by the City of Gulf Shores, which would not arise under federal law, and Carbajal Jr.'s Count 8 claim for a declaratory judgment "seeks in essence to assert a [federal Equal Protection] defense" to that "impending or threatened state court action."

However, upon further consideration of the relevant caselaw, it appears that federal question jurisdiction is present for reasons not addressed in the Court's prior order (Doc. 6). Count 8 requests injunctive relief (in addition to declaratory relief) on the federal Equal Protection claim against Bauer in his official capacity as Zoning

Official for the City of Gulf Shores, Alabama.[2]   Such an action could have been brought as a federal claim under 42 U.S.C. § 1983.   *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978) ("Local governing bodies … can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where … the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers."); *Haves v. City of Miami*, 52 F.3d 918, 921-23 (11th Cir. 1995) (discussing Equal Protection claims challenging zoning ordinances).

Carbajal, Jr. does not invoke 42 U.S.C. § 1983, or any other federal statute, as the basis for his claim for injunctive relief, instead invoking Ala. Code § 6-6-220, *et. seq.*   Generally, "since the plaintiff is the master of the complaint, the well-pleaded-complaint rule enables him, by eschewing claims based on federal law, to have the cause heard in state court."   *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) (quotations omitted).   Nevertheless, the Supreme Court has "recognized…that in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues. The doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and

---

[2] "[O]fficial capacity suits represent 'only another way of pleading an action against an entity of which an officer is an agent,' and a victory against a named individual in an official capacity suit is 'a victory against the entity that employs him.'"   *Hobbs v. Roberts*, 999 F.2d 1526, 1530 (11th Cir. 1993) (per curiam) (quoting *Kentucky v. Graham*, 473 U.S. 159, 167-68 (1985)).

hope of uniformity that a federal forum offers on federal issues…" *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) (citation omitted). "The classic example is *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 41 S. Ct. 243, 65 L. Ed. 577 (1921), a suit by a shareholder claiming that the defendant corporation could not lawfully buy certain bonds of the National Government because their issuance was unconstitutional. Although Missouri law provided the cause of action, the Court recognized federal-question jurisdiction because the principal issue in the case was the federal constitutionality of the bond issue." *Id.* Similarly, even though Alabama law provides the claim for injunctive relief in Count 8, the principal issue is the federal constitutionality of the challenged zoning ordinance. Thus, because it appears that the Court has federal "arising under" jurisdiction over Carbajal's Count 8 claim for injunctive relief,[3] the Court declines to order remand *sua sponte* for the reasons stated in its prior order (Doc. 6).[4]

------

[3] The undersigned acknowledges that Bauer's brief pointed to Carbajal Jr.'s claim for injunctive relief as a basis for federal question jurisdiction, but only in a conclusory fashion, with no analysis or citation to supporting authority. Given that subject matter jurisdiction "cannot be created by the consent of the parties, … nor supplanted by considerations of convenience and efficiency," *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000) (citation omitted), the fact that Bauer "strongly feels that an important underlying question of federal law [is] asserted" is also insufficient to show subject matter jurisdiction. (Doc. 7 at 3). Federal question jurisdiction is also not conferred by the possibility "that Count Eight could be amended in the future to seek damages based on an alleged violation of federal law" (*id.*), since "[t]he existence of federal jurisdiction is tested at the time of removal." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294–95 (11th Cir. 2008).

[4] This determination does not prevent Carbajal from filing a motion to remand based on the same issue, since "[a] litigant generally may raise a court's lack of subject-matter jurisdiction at any time in the same civil action…" *Kontrick v. Ryan*,

Because diversity jurisdiction under 28 U.S.C. § 1332 has not been invoked, the Court currently exercises supplemental jurisdiction over the state law claims in this case under 28 U.S.C. § 1367(a). However, "district courts may decline to exercise supplemental jurisdiction over a claim … if … the claim substantially predominates over the claim or claims over which the district court has original jurisdiction…" 28 U.S.C. § 1367(c)(2). "A federal court will find substantial predominance when it appears that a state claim constitutes the real body of a case, to which the federal claim is only an appendage." *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 744 (11th Cir. 2006) (quotation omitted). *Accord Morgan v. Christensen*, 582 F. App'x 806, 808 (11th Cir. 2014) (per curiam) (unpublished).

As noted previously, this case has been pending for almost two years, Carbajal Jr.'s the initial complaint has been amended three times, and counterclaims have been asserted against Carbajal and others, all prior to removal.[5] The case has snowballed from a dispute among neighbors to challenges to restrictive covenants and Gulf Shores zoning ordinances. Considering the plethora of state law claims asserted, including ones that seek to enjoin the same zoning ordinance as the federal claim, it appears that Carbajal Jr.'s sole federal claim for injunctive relief against Bauer (who is one of four defendants to this action), "is only an appendage" to the state claims that "constitute[] the real body of [this] case…"

---

540 U.S. 443, 455 (2004).

[5] Each amended complaint appears to incorporated allegations in the prior complaints by reference.

Upon consideration, any interested party may, no later than **Thursday, July 25, 2019**, file and serve a brief showing cause why the Court should not decline to continue exercising supplemental jurisdiction over the state law claims in this case under § 1367(c)(2) and remand them to state court, after which the matter will be taken under submission. Once the matter is under submission, no further submissions related to the issues raised may be filed unless (1) the submission is in accordance with S.D. Ala. CivLR 7(f)(3), or (2) the proponent obtains leave of court for good cause shown. Should the Court determine that oral argument would be beneficial, a hearing will be set by separate order. Otherwise, this matter is being submitted without oral argument. See Fed. R. Civ. P. 78(b); S.D. Ala. CivLR 7(h). "Oral argument requests must contain specific reasons why oral argument would be helpful." S.D. Ala. CivLR 7(h).

**DONE** and **ORDERED** this the 11th day of July 2019.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**